IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MICHAEL HAZEL,

        Petitioner,  :  Case No. 3:13-cv-332

  - vs -   District Judge Timothy S. Black
  Magistrate Judge Michael R. Merz
WARDEN, Chillicothe
  Correctional Institution,

  :

        Respondent.

## DECISION AND ORDER DENYING PETITIONER'S MOTION FOR PRODUCTION OF DOCUMENTS AND JUDICIAL NOTICE BUT ORDERING EXPANSION OF THE RECORD

This habeas corpus case is before the Court on Petitioner's Motion for the Production of Documents Pursuant to Civ. R. 6(a) [sic] of the Rules Governing § 2254 Cases (Doc. No. 26) and his Motion for Judicial Notice of Adjudicative Facts Pursuant to Fed. R. Evid. 201(a), (b), (c), (d), (e) (Doc. No. 31).

` Petitioner Hazel brought this habeas corpus action under 28 U.S.C. § 2254 to obtain relief from his convictions in the Clark County Common Pleas Court for domestic violence in violation of Ohio Revised Code § 2919.25. His Petition pleads twenty-two Grounds for Relief.

In denying Hazel's prior Motion for the Production of Documents (Doc. No. 16), the Court set forth the standard for granting discovery in a habeas corpus case (Decision and Order, Doc. No. 22). That same standard is applicable here.

Hazels' first request is for the results of a DNA test which he was ordered to take with Heather Kunce between August and October 2003. Kunce was the victim in the offenses

1

charged against Hazel in Clark County Case No. 03-CR-592. Hazel says the results of that test will show that he was not the father of Kunce's child and will thereby rebut the State's claim that Hazel's aggravated burglary conviction in 03-CR-592 did not involve a family or household member as charged by the grand jury in the instant case.

In order Hazel's conviction for domestic violence in this case to a felony of the third degree, the State had to prove two or more prior convictions for domestic violence or other predicate offenses of the type described in Ohio Revised Code § 2919.25(D)(3) that involved a family or household member. Ohio Revised Code § 2919.25(F) defines "family or household member" to mean any one of a number of different familial or household relationships, only one of which involves being the natural parent or putative natural parent of any child of the victim. As the Magistrate Judge understands the case, the State did not try to prove that at the time of the offenses charged in 03-CR-592, Hazel was the father of any child of Heather Kunce. Conversely, disproving a paternal relationship will not disprove the existence of a predicate offense.

Furthermore, this Court could not consider the results of the DNA testing in determining whether to defer to the state courts under 28 U.S.C. § 2254(d)(1). In reaching that decision, we are limited to the record that was before the state courts. *Cullen v. Pinholster,* 563 U.S. ___, 131 S. Ct. 1388 (2011).

The other four items Hazel seeks in discovery are the bills of particulars in Clark County Common Pleas Case Nos. 03-CR-592, 09-CR-212, 10-CR-808, and 11-CR-49 (Motion, Doc. No. 26, PageID 2707). Rather than grant Hazel discovery of these items, the Court finds that they are or may be relevant to a decision in this case and therefore ORDERS the Respondent to expand the record by filing copies of these four items not later than August 11, 2014. If the Warden

believes these documents should not be considered by the Court in deciding the merits of this case, Warden's counsel shall state the reasons therefor in a memorandum to accompany the filing.

Hazels seeks to have this Court take judicial notice of the following facts:

> 1.) Mr. Hazel has never fathered any children with Miss Kunce.
>
> 2.) Mr. Hazel did not commit aggravated burglary against a "family or household member," Case No. 03-CR-592.
>
> 3.) Mr. Hazel did not plead guilty to committing aggravated burglary against a "family or household member, " Case No. 03-CR-592.
>
> 4.) The Trial Court did not convict Mr. Hazel of committing aggravated burglary against a 'family or household member," Case No. 03-CR-592.
>
> 5.) In the instant case, the State illegally used Mr. Hazel's past aggravated burglary conviction, Case No. 03-CR-592, to illegally enhance Mr. Hazel's current domestic violence charges to 3rd degree felonies, Case No. 10-CR-808.
>
> 6.) The sole reason that the State charged Mr. Hazel with domestic violence, in regards to the aggravated burglary conviction, Case No. 03-CR-592, was due to its belief that Mr. Hazel had fathered a child with Miss. Kunce.
>
> 7.) Mr. Hazel and Miss. Kunce did in fact have a DNA Test conducted with each other, in regards to determining whether Mr. Hazel was the father of her daughter Malaysia Kunce (hereinafter M.K.).
>
> 8.) The results to the DNA Test that was conducted on Mr. Hazel and Miss. Kunce, in regards to whether Mr. Hazel was the father of M.K., proved that Mr. Hazel in fact was not the father of M.K., due to the fact that the DNA Test results stated that there was a zero(O%) percent chance that Mr. Hazel was the father of M.K.
>
> 9.) In regards to M.K., Miss. Kunce and a Man named Earnest Foster IV (hereinafter Mr. Foster IV), did in fact have a DNA Test conducted with each other, in regards to determining whether Mr. Foster IV was the father of M.K.

3

> 10.) The results to the DNA Test that was conducted on Mr. Foster IV and Miss. Kunce in regards to M.K., proved that Mr. Foster IV, is in fact the father of M.K., due to the fact that the DNA Test results stated that there was a ninety-nine point nine(99.99%) percent chance that Mr. Foster IV was the father of M.K.
>
> 11.) With all of the evidence that has been presented in the case *subjudice*, it is an adjudicative fact that Mr. Hazel cannot be convicted of 3rd degree felonies, according to Ohio State Law.
>
> 12.) In regards to the evidence that was presented before, during and after Mr. Hazel's trial, it is an adjudicative fact that the jury lost its way when it found that Mr. Hazel "was previously convicted of the offense of aggravated burglary involving a victim who was a family or household member at the time of the offense in the Clark County Common Pleas Court Case No. 03-CR-592."

(Motion, Doc. No. 31, PageID 2737-38.)

Fed. R. Evid. 201 provides

> (b) **Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:
>
>   (1) is generally known within the trial court's territorial jurisdiction; or
>
>   (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Hazel misperceives the sorts of facts which may be judicially noticed under this Rule. The sorts of facts mentioned in 201(b)(1) are so-called open and notorious facts. For example, the vast majority of people who live in Dayton, Ohio, know that Third Street and Main Street intersect in downtown Dayton. The sorts of facts mentioned in 201(b)(2) are so-called "almanac" facts such as that August 7, 2013, was a Wednesday or Abraham Lincoln was the sixteenth President of the United States.

None of the facts listed in the Motion are appropriate for judicial notice. It is not, for

4

example, open and notorious that Earnest Foster IV fathered a child on Heather Kunce eleven years ago, nor can one look that fact upon in an almanac-like source.  Some of the listed items are not "facts" in a legal sense, but conclusions of law, e.g., that the "jury lost its way."

Accordingly, the Motion for Judicial Notice is DENIED.

Jul 31 2014 2:19 PM

X _____
Michael R. Merz