IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MICHAEL HAZEL,

        Petitioner,    :    Case No. 3:13-cv-332

  - vs -          District Judge Timothy S. Black
                  Magistrate Judge Michael R. Merz

WARDEN, Chillicothe
  Correctional Institution,

                  :

        Respondent.

**REPORT AND RECOMMENDATIONS ON OBJECTIONS TO DISCOVERY ORDERS**

      This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 44) to the Magistrate Judge's Decision and Order Overruling Petitioner's Objection to respondent's Notice of Filing (Doc. No. 38) and Petitioner's Objections (Doc. No. 46) to the Magistrate Judge's Decision and Order Overruling Petitioner's Second Objections to Respondent's Notice of Filing (Doc. No. 40). Judge Black has recommitted the case for reconsideration in light of Hazel's Objections (Doc. No.42).

      In the first of these decisions, the Magistrate Judge declined to order the State of Ohio to create bills of particulars in the underlying criminal cases when they had not been created during the course of the underlying litigation (Decision and Order, Doc. No. 38, PageID 2876). Hazel objected and the Magistrate Judge overruled the objections on grounds (1) this Court could not order the creation of documents which did not previously exist, (2) the fact that demands for bills of particulars had bene made by counsel did not prove that they existed, and (3) the Magistrate

1

Judge declined to order the production of one bill of particulars known to exist (in Case No. 03-CR-592) because it was not material to a final decision on the merits of this case (Doc. No. 40, PageID 2889-90).

Hazel makes the following objections:

**Objection 1:**  The Magistrate Judge should have ordered Respondent to file complete docket sheets in Cases No. 03-CR-592, 09-CR-212, 10-CR-808, and 11-CR-49 (Doc. No. 44, PageID 2939).

**Response:**  Hazel's continued assertion that the docket sheets already filed are not "complete" does not prove that assertion. In the absence of proof, the regularity of these public records is to be presumed.

**Objection 2:**  "The Magistrate should have compelled the Respondent to produce the bills of particulars in Case Nos. 03-CR-592, 09-CR-212, 10-CR-808, and 11-CR-49 after he conceded that they did in fact exist." (Doc. No. 46, PageID 2957).

**Response:**  The bills of particulars which were "conceded" to exist are not the ones the Magistrate Judge initially ordered the State to file and to which they responded that such bills of particulars did not exist.

**Objection 3:**  Hazel objects to the Magistrate Judge's conclusion that there was not a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), in the failure to disclose the bill of particulars in 03-CR-592. (Doc. No. 46, PageID 2958.)  Hazel insists that the bill of particulars in that case is exculpatory in that it did not include with respect to the aggravated burglary charge that the victim was a family or household members.

**Response:**  The bill of particulars in 03-CR-592 is not exculpatory because the victim's being a family or household member was not an element of the offense in that case. It was an enhancing

element in the 2010 cases and had to be proved by Wilson's testimony about who the victim was. There was no *Brady* violation involved here because the record makes very clear Hazel's counsel had a copy of the document during trial and cross-examined Wilson from it.

**Objection 4:**  There is a constitutional right to a bill of particulars upon the request of it, citing Ohio Revised Code § 2941.07 and Ohio R. Crim. P. 7(E).

**Response:**  The two cited sources are not part of the United States Constitution.

Accordingly, it is respectfully recommended that the Objections be overruled.

September 9, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).